MAY 30, 1804.

# William Moody v. Jesse Head.

*Upon a writ of error to reverse a judgment of two Magistrates of Washington county.*

Although the statute allowing appeals to the county court from the judgments of justices of the peace does not expressly state that the county court judgment shall be final, yet the court conceives such to have been the intention of the legislature.

By an act of our legislature, cognizance is given to a justice of the peace of any cause of less value than five pounds. When a judgment of a justice of the peace shall not exceed twenty-five shillings, it shall be final; but from a judgment above that sum, there may be an appeal to the county court; and although it is not expressed that the judgment of the county court thereon shall be final, it is conceived that the legislature intended it should be so; because a provision for another appeal is not made, and *expressio unius est exclusio alterius*. In cases of the kind with the one under consideration, by an act subsequent to the one alluded to, the jurisdiction of a justice of the peace is extended to six pounds; but in such cases, the right of an appeal to the county court is not taken away; therefore, the reasons which forbid recourse to the court of appeals from a judgment of a justice of the peace, in all other cases, are also applicable to cases of this kind; and, consequently, writs of error to reverse them ought not to be sustained by this court. To these considerations might be subjoined, that there are several other cases whereby the acts of our legislature, justices of the peace have cognizance of fines, and it can not be doubted that an appeal to a county court may be taken when the judgment exceeds twenty-five shillings. Therefore, it is considered by the court, that the writ of error aforesaid be dismissed, and that the defendant recover of the plaintiff his costs in this behalf expended.